**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

KEVIN JIMENEZ PERAZA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 1:26-cv-06230-JLT-EPG

A-Number: 232-432-906

ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART; AND ORDERING PETITIONER'S IMMEDIATE RELEASE

(Doc. 1)

Kevin Jimenez Peraza is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the petition for writ of habeas corpus.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen and national of Cuba who entered the United States pursuant to Cuban Humanitarian Parolee (CHP) on April 14, 2023. (Doc. 1 at 4, ¶ 3; Doc. 7-1 at 4.) Petitioner was granted parole which was to expire on April 12, 2025. (Doc. 7-1 at 4.) Petitioner timely filed his adjustment of status pursuant to the Cuban Adjustment Act with the United States Citizenship and Immigration Service ("USCIS") on May 23, 2024. (Doc. 1 at 4, ¶ 3.) On July 14, 2026,

Petitioner was taken into ICE custody following a traffic stop during an immigration enforcement operation in Miami, Florida. (Doc. 7-1 at 3.) The next day, Petitioner was served with a Notice to Appear charging him as removable under INA § 237(a)(1)(B), codified in 8 U.S.C. § 1227(a)(1)(B), as a nonimmigrant under Section 101(a)(15) who remained in the United States for a time longer than permitted. (Doc. 7-4.) Petitioner is currently detained at California City Detention Facility in California City, California. (Doc. 11 at 4, ¶ 1.)

On August 5, 2026, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, arguing, *inter alia,* that his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment.[1] (*See* Doc. 1 at 13.) On August 13, 2026, Respondents filed a response to the first amended habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2)(A). (*See* Doc. 7 at 1-2.)

## II. LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III. DISCUSSION

Respondents assert that unlike the category of detainees apprehended in the interior of the United States, Petitioner is mandatorily detained pursuant to 8 U.S.C. § 1225(b) because he is a "quintessential 'arriving alien' and 'applicant for admission' as he was paroled into the United States" and his parole expired. (Doc. 7 at 2.) The Court disagrees, and finds that Petitioner is not subject to mandatory detention on this basis. First, federal courts have generally determined that

[1] Given that relief in this case is premised on Petitioner's due process claims, the Court declines to address Petitioner's Fourth Amendment and Administrative Procedure Act claims.

an individual who has lived freely in the United States under humanitarian parole is not an "arriving alien" but rather is " 'present' in the United States and does have full due process rights." *Baptiste v. Bondi*, No. CV 26-02586 PHX SPL (CDB), 2026 WL 1684433, at *5 (D. Ariz. May 21, 2026) (collecting cases), *report and recommendation adopted*, No. CV-26-02586-PHX-SPL, 2026 WL 1682149 (D. Ariz. June 10, 2026). Relatedly, because Petitioner was previously released into the United States on parole, Petitioner possesses a protected interest in remaining at liberty while his removal proceedings are pending, "entitling him to certain due process protections, the extent of which are determined by applying the test provided in M*athews v. Eldridge*, 424 U.S. 319, 335 (1976)." *Thelusma v. Warden of the Golden State Annex Det. Facility*, No. 1:26-CV-01443-JLT-EPG-HC, 2026 WL 1162804, at *3 (E.D. Cal. Apr. 29, 2026), *report and recommendation adopted*, 2026 WL 2333529 (E.D. Cal. Aug. 12, 2026). This is because being released into the United States on humanitarian parole necessarily required a finding that Petitioner was not a danger to the community or a flight risk. 8 C.F.R. § 212.5(b). As such, the Court finds that Petitioner's detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. *See M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *14 (E.D. Cal. Nov. 24, 2025) (finding detention of noncitizen whose humanitarian parole was revoked violated due process). As Petitioner has committed no crime nor violated the conditions of his parole, the Court find the appropriate remedy in this case to be immediate release.

## IV. CONCLUSION AND ORDER

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.

2. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or

danger to the community, such that physical custody is legally justified[2];

3. The Clerk of Court is directed to California City Detention Facility in California City, California, with a copy of this Order.

5. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated: _September 27, 2026_

UNITED STATES DISTRICT JUDGE

[2] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.